# IN THE COURT OF APPEALS OF IOWA

No. 19-0704
Filed June 19, 2019

**IN THE INTEREST OF K.J. and K.J.,**
**Minor Children,**

**M.J., Mother,**
     Appellant.

_____

     Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

     A mother appeals the order terminating her parental rights. **AFFIRMED.**

     Barbara J. Westphal, Belmond, for appellant mother.

     Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

     Alesha M. Sigmeth Roberts of Sigmeth Roberts Law, PLC, Clarion, attorney and guardian ad litem for minor children.

     Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find her request for a six-month extension is without merit and decline to apply any exceptions. We find termination is in the best interests of the children. We affirm.

## I.     Background Facts & Proceedings

M.J. is the mother of K.J., born in 2015, and K.J., born in 2016. J.T. is the father of the older child; A.I. is the father of the younger child. A.I. did not become involved in the proceedings until late 2017 and was incarcerated for the majority of the case. In this opinion, the terms "the father," "the family," and "the parents" refer to J.T.

The family has been involved with the Iowa Department of Human Services (DHS) since May 2015 due to the parents' use of illegal substances. On June 29, 2015, the older child was adjudicated in need of assistance (CINA). The child had been removed since the end of May due to the parents' substance abuse. In November 2015, the child transitioned back to the mother's care due to the parents' progress. In September 2016, the father was removed from the family home after he relapsed and failed to participate in services. In December, the mother also admitted to relapsing on methamphetamine.

In February 2017, the State filed a petition to adjudicate the younger child CINA due to the parents' drug addiction. In March, the younger child was hospitalized following a brain injury.[1] Both children were then removed from the

---

[1] At the time of the termination hearing, it had not been determined who caused the younger child's injuries.

home. The older child was placed with the paternal grandparents, the younger child was placed in foster care. The mother stipulated to the adjudication of the younger child as CINA.

For several months following the second removal, the mother did not comply with court orders or follow through with recommended treatment.[2] She continued to use methamphetamine and other drugs. The mother was inconsistent in attending visitation and missed medical appointments for the children. She was in jail at least twice after the removal. She successfully completed an intensive outpatient program in November 2017 and improved in all areas of concern while sober. She participated in family treatment court starting in November. In December she tested positive for methamphetamine in a DHS-requested hair test, but her subsequent tests for family treatment court were clean.

In February 2018, the older child was placed with the father, and custody transitioned to the father in April; the younger child remained in foster care. By a June hearing, the court found the mother had been making substantial progress and was generally complying with recommendations. However, she began to make questionable choices in the men she dated and allowed to be around the children. The mother was granted additional time before permanency, but care was not returned to the mother due to concerns relating to a new relationship. The court ordered the mother to continue her treatment and employment and to follow

---

[2] Following the second removal, J.T. began complying with the recommended mental-health and substance-abuse treatment and consistently participated in visitation with the older child. He continued to improve his parenting skills and comply with DHS requests throughout the remainder of the proceedings.

visitation guidelines, particularly not having unauthorized persons present during visitation.

In August, the mother relapsed again. In early October, she appeared under the influence during a family class with the children, and a December drug screen came back positive for methamphetamine. She was suspended, then removed from the family treatment program. The mother's attendance at visitation became more sporadic; she failed to confirm visits and did not appear on time. Three weeks before the termination hearing, the mother again tested positive for methamphetamine. The week before the hearing, the mother was arrested for possession of a controlled substance and possession of drug paraphernalia, as well as traffic offenses.

The termination hearing occurred on April 8, 2019. The guardian ad litem filed a report stating the best interest of the younger child is to terminate both parents' rights and free the child for adoption into the foster family. The court heard testimony from the officer who arrested the mother the week before, DHS providers, the mother, and the maternal grandfather.

On April 15, the court terminated the mother's parental rights to the older child pursuant to Iowa Code section 232.116(1)(f) (2019) and to the younger child pursuant to section 232.116(1)(h). She now appeals.[3]

## II.    Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of

---

[3] J.T.'s rights were not terminated and he has custody of the older child. A.I. consented to termination of his parental rights so the younger child can be adopted.

the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness of conclusions [of] law drawn from the evidence." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (alteration in original) (citation omitted). The paramount concern in termination proceedings is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III. Analysis

The mother does not contest the State established grounds for termination of her parental rights. We find clear and convincing evidence shows the children were three years old and four years old at the time of the termination hearing; each child had been adjudicated a CINA; they have been out of the mother's custody for nearly two years, which is more than the required statutory periods; and the children could not be returned to the mother's custody at the time of the hearing. *See* Iowa Code § 232.116(1)(f), (h). The juvenile court properly terminated the mother's rights to the older child under section 232.116(1)(f), and the younger child under section 232.116(1)(h).

**A. Six-Month Extension.** The mother claims she has sufficiently progressed toward reunification and an additional six months would result in a significant change in circumstances allowing the children to be returned to her care. In particular, the mother requests time to demonstrate she can maintain her sobriety.

Although the mother had sober periods during the four years of services, she has periodically relapsed since August 2018, including an arrest for possession of methamphetamine less than a week prior to the termination hearing,

and she admitted to using methamphetamine the week before the hearing. The court had previously granted an extension when the mother had been making progress. Unfortunately, the mother was not able to solidify her progress and sobriety.

In order to grant a six-month extension, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the children will be able to return to the parent at the end of the additional six months. *Id.* § 232.104(2)(b). Considering the prior six-month extension, four years of services, and current two-year removal at the time of the termination hearing, we find the court correctly denied the mother's request for additional time.

**B.      Best Interests of the Children.** The mother claims the parent-child bond between her and each child is strong and maintaining the parent-child relationships is in the children's best interests. Under our statutory framework to determine the children's best interests, we consider the children's safety; their mental, physical, and emotional condition and needs; and the best placement for long-term nurturing and growth. *Id.* § 232.116(2). When a child is in foster care, we also consider the child's integration into the family and identification as part of the family. *Id.* § 232.116(2)(b).

Despite four years of services, the mother continues to struggle with her addiction. Just when she seemed to have turned the corner and was moving toward reunification, she relapsed and allowed unapproved adults to spend time around the children. The children have been removed from the mother's care for over two years. The older child is safe and well-cared for by the father and his

family. Two-thirds of the younger child's life has been spent as part of the foster family, the child has integrated into the family, and the family has expressed an interest in and willingness to adopt the child.

The record shows the children have found safe, stable homes where the adults work to maintain the sibling and familial relationships. The children are bonded with their current caretakers and look to them to meet their needs. These young children have spent nearly their entire lives under DHS supervision and deserve to have a permanent home. Under the facts presented, we conclude termination of the mother's parental rights is in the children's best interests.

**C. Exception.** The mother claims the court should have applied an exception under Iowa Code section 232.116(3)(a) and declined to terminate her parental rights to the older child because K.J. is in the father's custody. The father worked hard to comply with services following the 2017 removal. He was granted custody of the older child due to his successful efforts to establish a safe, sober home for the child. At the termination hearing, the father requested the mother's rights to the older child be terminated because he has struggled since regaining custody to set and enforce boundaries with the mother. The court considered and declined to apply any exception to termination. In light of the mother's tendency to ignore the boundaries set by the father, we also decline to apply the exception. Termination of the mother's parental rights is appropriate in this case.

**AFFIRMED.**